UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Doug Gatlin,                                               Civil No. 21-1075 (DWF/BRT)

          Plaintiff,

v.                                                                    MEMORANDUM
                                                    OPINION AND ORDER
Sprinkler Fitters Local 417 and Gilbert
Mechanical Contractors, Inc.,

          Defendants.

---

Lisa C. Stratton, Esq., Stratton Law Office, counsel for Plaintiff.

Brendan D. Cummins, Esq., Cummins & Cummins LLP, counsel for Defendant Sprinkler Fitters Local 417.

Andrew E. Tanick, Esq., and Jody A. Ward-Rannow, Esq., Ogletree Deakins, counsel for Defendant Gilbert Mechanical Contractors, Inc.

---

## INTRODUCTION

This matter is before the Court on Defendant Gilbert Mechanical Contractors, Inc.'s ("Gilbert") Motion to Dismiss (Doc. No. 19 ("Motion")) Plaintiff Doug Gatlin's ("Gatlin") Complaint (Doc. No. 1-1 at 3-16 ("Compl.")). Gatlin opposes the Motion. (Doc. No. 56 ("Gatlin Opp.").) For the reasons set forth below, the Court grants Gilbert's Motion.[1]

---

[1]    Defendant Sprinkler Fitters Local 417 ("Local 417") also filed a Motion to Dismiss. (Doc. No. 11.) Gatlin's response was due May 27, 2021. Gatlin did not file a response; however, he filed a letter on June 14, 2021 explaining the delay. (Doc. No. 29.) Noting the unique circumstances in the case, the Court excused the delay and asked Gatlin to provide a status update within fourteen days. (Doc. No. 37.) Fifteen days later,

Gatlin filed an update and asked for another delay. (Doc. No. 41.) The Court ultimately extended Gatlin's filing deadline to November 19, 2021. (Doc. No. 50.) Gatlin did not timely respond but emailed the Court after the deadline seeking an extension. (See Doc. Nos. 52-54.) Over Defendants' objections, the Court once again extended Gatlin's filing deadline to November 29, 2021. (Doc. No. 55.) Gatlin did not file a response to Local 417's motion until December 20, 2021—nearly three weeks after the deadline. (Doc. No. 58.) Gatlin did not request or explain the late filing until after the fact, and only then by email. The Court permitted Gatlin to explain the late submission during oral argument on Gilbert's Motion. (Doc. No. 61.)

The Court finds that Gatlin's untimely submission is procedurally defective and declines to accept or consider the submission. See, e.g., Local Rule 7.1 (requiring the Court's express permission to file a memorandum outside the confines of Local Rule 7.1); Fed. R. Civ. P. 16(b)(4) (requiring a showing of good cause for postponement of a scheduling order). Specifically, the Court finds that Gatlin has failed to demonstrate extraordinary circumstances or to show good cause as to why his excessively late submission should be accepted.

The Court granted numerous extensions in light of the unique circumstances in this case. The Court also recognizes that Gatlin's counsel felt stressed and overwhelmed, particularly because she recently started a new position, and her client was unable to secure alternate counsel. The Court commends her commitment to her client; however, the Court cannot excuse the last missed deadline. The response was filed nearly three weeks late with neither a request for another extension, nor notice that any filing was forthcoming. This does not show diligence in attempting to comply with the Court's deadline. See Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014) ("The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements." (quotation omitted)); accord Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008).

Even if Gatlin had moved for an extension after the fact pursuant to Fed. R. Civ. P. 6(b)(1), the Court finds no basis for excusable neglect. See F. R. Civ. P. 6(b)(1) (permitting an after the fact time extension upon motion if a party fails to act because of excusable neglect). To this end, the Court specifically notes the length of the delay and the fact that Gatlin provided no notice, including whether the delay was within his reasonable control. HSK, LLC v. United States Olympic Comm., 248 F. Supp. 3d 938, 942 (2017). Again, while the Court recognizes that Gatlin's counsel felt compelled to help her client, she did not draw upon any tool at her disposal; including asking the Court for another extension or using other court resources to find alternate counsel for her client. While the Court cannot conclude that Gatlin's attorney acted in bad faith, the Court finds her actions below acceptable professional standards. Accordingly, the Court declines to accept or consider the untimely opposition.

## BACKGROUND

On April 15, 2021, Gatlin commenced this action in Minnesota State Court by serving a summons and Complaint on Gilbert and Local 417. (*See* Doc. No. 1.) Local 417 timely removed the matter to this Court, with Gilbert's consent, on the basis that the Complaint states alleged violations of 42 U.S.C. § 1981. (*See* Doc. No. 1-1 at 1-2; *see also* Compl.)

Gatlin alleges that he worked for Gilbert from July 2016 until he was laid off in November 2016. (Comp. ¶¶ 13, 60.) Gatlin, who is African American, alleges various violations of 42 U.S.C. § 1981 against Gilbert, including: (1) disparate treatment in assignments; (2) denying Gatlin access to necessary tools and equipment; (3) interfering with Gatlin's role as a foreperson; (4) denying Gatlin the required foreperson wage; (5) treating Gatlin with hostility and making derisive comments; (6) making retaliatory false accusations of misconduct; and (7) laying Gatlin off but hiring a white, male, unlicensed sprinkler fitter, and continuing to employ white male sprinkler fitters into the

---

Ultimately, the Court dismisses Gatlin's claims against Local 417 with prejudice. Gatlin's claims stem from allegations that Local 417 violated 42 U.S.C. § 1981 by improperly handling grievances regarding employer discrimination and by failing to refer him to work. (See generally Compl.) The Court notes that Gatlin has previously filed similar claims against Local 417, all premised on the same or similar allegations here, and all of which were dismissed for lack of merit. (See Doc. No. 14, Exs. 9-12, 14-15, 16-17 (referenced in Compl. ¶ 77); see also, See Brinkman v. Sprinkler Fitters Loc. #417, No. CV 19-2981 (PAM/TNL), 2020 WL 3642314, at *3 (D. Minn. July 6, 2020) (dismissing nearly identical claim asserted here)). Here again, the Court finds that Gatlin fails to state a claim upon which relief can be granted and therefore dismisses his Complaint against Local 407 with prejudice.

spring of 2017.[2] (*See* Compl. ¶¶ 13-61.) Gatlin asserts that "Gilbert's pattern of discrimination against Gatlin based on his race has left him 'blackballed,' or completely excluded from work as a [Local 417] Sprinkler Fitter."[3] (*Id.* ¶ 82.)

Gilbert moves to dismiss Gatlin's Complaint because Gatlin did not timely commence the lawsuit. (*See generally*, Doc. No. 21 ("Gilbert Memo.").)

## DISCUSSION

### I.     Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[2]     After laying him off, Gatlin alleges that Gilbert told him that it would "call him back to work in a few weeks or a month or two," but that he never heard from Gilbert again. (Compl. ¶¶ 55, 56.)

[3]     Gatlin states that after he was "blackballed," he obtained work with a different company. (Compl. ¶ 75.)

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Furthermore, "[a]court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Richardson v. Omaha School Dist.*, 957 F.3d 869, 873 (8th Cir. 2020).

Gilbert claims that because Gatlin asserts only Section 1981 claims and does not allege any factual allegations relating to Gilbert after November 2016, his claims are time-barred by Section 1981's four-year statute of limitations.[4] (Gilbert Memo. at 2-3 (citing 28 U.S.C. §1658).)

Gatlin contends that his Complaint was timely filed because it includes allegations that: (1) after Gilbert laid him off, Gilbert hired a white sprinkler fitter and continued to employ white sprinkler fitters into the spring of 2017; and (2) Gilbert failed to rehire

---

[4]   Gatlin filed his Complaint on April 15, 2020; approximately five months after the statute of limitations ran out if his last claim ended in November 2016.

5

Gatlin through the spring of 2017, in turn saving any untimely claims through a continuing violation theory. (Gatlin Opp. at 6-8.) Gatlin also argues that because he timely commenced this action in state court, Local 417's removal to federal court did not retroactively make those claims untimely. (*Id.* at 9-17.) Finally, Gatlin argues that if his claims are untimely, the Court should equitably toll the statute of limitations because he relied in good faith on the State of Minnesota's statutes and rules. (*Id.* at 17-18.)

The Court agrees with Gilbert that Gatlin's claims are time-barred. Gatlin alleges that Gilbert discriminated against him in various ways through his layoff in November 2016. The Court finds that all of Gatlin's claims fall squarely within the types of claims subject to the four-year statute of limitations set forth in 28 U.S.C. §1658. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004) (finding that claims nearly identical to Gatlin's arose under an Act of Congress and were therefore subject to the four-year statute of limitations set forth in 28 U.S.C. §1658); *see also* 28 U.S.C. §1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."). To be timely, Gatlin needed to file his Complaint no later than November 2020; Gatlin filed his Complaint approximately five months too late.[5]

---

[5] Gatlin appears to argue that Minnesota Governor Tim Walz's emergency Executive Order or the Minnesota Legislature's emergency session laws, extending certain statutes of limitations in state courts because of the COVID-19 pandemic, also suspended the federal four-year statute of limitations at issue here. (See Gatlin Opp. 10-17.)

While the State of Minnesota's orders may have an effect when federal statutes borrow from state statutes of limitations, Section 1981 does not borrow from state law.

Moreover, even construing reasonable inferences in Gatlin's favor, the Court cannot conclude that Gatlin's Complaint includes allegations that Gilbert violated Section 1981 after November 2016.  While Gatlin asserts that Gilbert continued to employ white sprinkler fitters and hired another white sprinkler fitter after laying Gatlin off, Gatlin's Complaint does not allege that Gilbert failed to rehire him.  Specifically, Gatlin does not claim that he ever applied for a position with Gilbert after November 2016, or that Local 417 referred him to work after that time.[6]  He similarly does not assert that he remained available for or interested in work with Gilbert after November 2016.  With no allegation that Gatlin applied for a position, or any inference that he remained interested or available for work, the Court cannot conclude that Gatlin's Complaint contains an allegation that Gilbert affirmatively chose to retain or hire anyone else in his stead.[7]  *Kirklin v. Joshen Paper & Packaging of Arkansas, Inc.*, 911 F.3d 530,536 (8th Cir. 2018)

---

Therefore, under the Supremacy Clause of the United States Constitution, any state law that conflicts or interferes with an Act of Congress is invalid.  U.S. Const. art VI, cl. 2. Accordingly, neither the Minnesota Governor nor its Legislature has the authority to change the federal statute of limitations governing Gatlin's claims.

Moreover, Gatlin's "confusion about the applicable statute of limitations does not warrant equitable tolling."  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

[6]     Gatlin's factual allegations detail a referral process between Local 417 and potential employers.  (See Compl. .¶¶ 62-66.)

[7]     Even construing liberally and drawing imaginative inferences from Gatlin's allegations that after being laid off Gatlin never heard from Gilbert despite being told that Gilbert would call him back to work "in a few weeks or a month or two" (Compl.¶¶ 55, 56), Gatlin still would have needed to file his Complaint by the end of January to be timely.

7

(rejecting "failure to rehire" claim where plaintiff "never applied for re-employment or otherwise expressed interest in returning to work").

Absent any allegation that Gatlin applied for and was not rehired for a job, the Court declines to find that the statute of limitations on his claim was extended each day that Gilbert continued to employ or hire white sprinkler fitters. Under Gatlin's theory, his claim would continue indefinitely. The law does not support such a position. *Kirklin*, 911 F.3d at 536. Moreover, because the Court finds that Gatlin does not have any claims that arise after November 2016, Gatlin's continuing violation theory also fails.[8]

In short, the Court finds that Gatlin's Complaint is untimely. The Complaint includes no allegation that Gilbert failed to rehire Gatlin, and even if it did, such an allegation would not save his other claims. Moreover, the Court finds that any amendment to Gatlin's Complaint would be futile and therefore dismisses the matter with prejudice against Gilbert.[9]

---

[8]  Even if Gatlin did have a valid claim that arose after November 2016, the continuing violation theory in the context of an employment discrimination lawsuit applies only to hostile work environment claims, and only then when at least one fact that is part of the hostile work environment claims falls within the statute of limitations. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002). That is not the case here. Even if Gatlin had a viable claim that Gilbert failed to rehire him in the spring of 2017, a fail to rehire claim is distinct from a hostile work environment claim and fails to resurrect any other claim under a continuing violation theory. Kirklin, 911 F.3d at 536. The Eighth Circuit has clearly stated that an employer's failure to recall or rehire does not constitute a continuing violation. Parisi v. Boeing Co., 400 F.3d 583, 586 (8th Cir. 2005).

[9]  The factual allegations in the Complaint state that after Gilbert laid Gatlin off, Local 417 "blackballed" him and he was forced to find work elsewhere. Moreover, there is nothing to indicate that Gatlin ever applied to or remained interested in working for

## CONCLUSION

Assuming all facts in the Complaint to be true and construing all reasonable inferences in the light most favorable to Gatlin, the Court finds that Gatlin fails to assert any claim or alleged violation of Section 1981 beyond November 2016.  Neither the Minnesota Governor nor its Legislature has the authority to change the federal statute of limitations governing Gatlin's claims and equitable tolling does not apply.  Thus, the Court finds that Gatlin's Complaint is untimely.  Because the Court finds that any amendment would be futile, the Court dismisses the Complaint against Gilbert with prejudice.

The Court similarly dismisses with prejudice the Complaint against Local 407 for failure to state a claim upon which relief can be granted.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Gilbert Mechanical Inc.'s Motion to Dismiss (Doc. No. [19]) and Defendant Sprinkler Fitters Local 417's Motion to Dismiss. (Doc. No. [11]) are **GRANTED**.  Plaintiff Doug Gatlin's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  January 25, 2022             s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

Gilbert.  Therefore, absent gross alteration of the facts, the Court finds no way for Gatlin to legitimately amend his Complaint to assert a failure to rehire claim against Gilbert.